Brent R. Wilson, ISB No. 8936
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone:  208.344.6000
Facsimile:  208.954.5261
Email: bwilson@hawleytroxell.com

Attorneys for Trustee Timothy R. Kurtz

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>JAYSON ROLAND GRAY,<br><br>Debtor. | Bankr. Case No. 21-00312-NGH<br><br>Chapter 7 |
| TIMOTHY R. KURTZ, solely in his capacity as Chapter 7 Trustee of the bankruptcy estate of the above-referenced Debtor,<br><br>Plaintiff,<br><br>vs.<br><br>SAMUEL ROLAND GRAY,<br><br>Defendant. | Adversary Proc. No._____<br><br>**ADVERSARY COMPLAINT** |

ADVERSARY COMPLAINT  - 1

Plaintiff Timothy R. Kurtz, Chapter 7 Trustee ("**Plaintiff**"), by an through his attorneys of record, HAWLEY TROXELL ENNIS & HAWLEY LLP, for his Adversary Complaint (the "**Complaint**") against Defendant Samuel Roland Gray ("**Defendant**"), states and alleges as follows:

## I.
## PARTIES, JURISDICTION, AND VENUE

1. On May 13, 2021, Debtor Jayson Roland Gray ("**Debtor**") filed for relief under Chapter 7 of the Bankruptcy Code in the U.S. Bankruptcy Court for the District of Idaho. *See* Bankr. No. 21-00312-NGH, Dkt. No. 1.

2. Plaintiff is the duly appointed Chapter 7 Trustee in Debtor's bankruptcy case.

3. Upon information and belief, Defendant is an individual residing in Boise, Idaho. Upon information and belief, Defendant is Debtor's father.

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (H), and (O).

5. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and constitutional authority to determine and finally resolve the issues presented by the Complaint pursuant to 28 U.S.C. § 157(b)(1).

6. Plaintiff consents to the entry of final orders or judgments by this Court.

7. Venue is proper in this Court under 28 U.S.C. § 1409.

8. This action is an adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7001(1).

ADVERSARY COMPLAINT  - 2

58817.0007.14293393.1

# II.
# GENERAL ALLEGATIONS

9. Debtor and Defendant jointly owned a 2018 Prowler UTV (VIN # ending 0557) ("**2018 Prowler**") prior to Debtor's bankruptcy filing.

10. On March 10, 2020, Defendant transferred the 2018 Prowler to himself for no consideration.

11. The 2018 Prowler transfer for no consideration is evidenced by an Application for Certificate of Title signed by Defendant and submitted to the Idaho Transportation Department dated February 1, 2021.

12. Debtor and Defendant jointly owned a 2007 Kyrv (VIN # ending 4818) ("**2007 Kyrv**") prior to Debtor's bankruptcy filing.

13. On March 10, 2020, Defendant transferred the 2007 Kyrv to himself for no consideration.

14. The 2007 Kyrv transfer for no consideration is evidenced by an Application for Certificate of Title signed by Defendant and submitted to the Idaho Transportation Department dated February 1, 2021.

15. Debtor and Defendant jointly owned a 2004 Honda Motorcycle (VIN # ending 0327) ("**2004 Honda**") prior to Debtor's bankruptcy filing.

16. On March 10, 2020, Defendant transferred the 2004 Honda to himself for no consideration.

17. The 2004 Honda transfer for no consideration is evidenced by an Application for Certificate of Title signed by Defendant and submitted to the Idaho Transportation Department dated February 1, 2021.

18. Upon information and belief, Debtor and Defendant jointly owned a 2005 Yamaha TFM350 ("**2005 Yamaha**") prior to Debtor's bankruptcy filing.

19. Upon information and belief, Defendant or Debtor transferred the 2005 Yamaha to Defendant for no consideration within two (2) years before Debtor's bankruptcy filing.

### III.
### FIRST CLAIM FOR RELIEF
### (11 U.S.C. § 548(a))

20. Plaintiff hereby realleges and incorporates by reference herein all of the allegations of paragraphs 1 through 19.

21. Within two (2) years before the date of Debtor's filing of the petition, Debtor voluntarily or involuntarily transferred his interest in the 2018 Prowler to Defendant.

22. Upon information and belief, the 2018 Prowler was transferred to Defendant with actual intent to hinder, delay, or defraud Debtor's creditors.

23. In the alternative to the above paragraph, the 2018 Prowler was transferred to Defendant for less than reasonably equivalent value in exchange for such transfer, and this transfer was made when Debtor was insolvent or Debtor was rendered insolvent by such transfer.

24. Within two (2) years before the date of Debtor's filing of the petition, Debtor voluntarily or involuntarily transferred his interest in the 2007 Kyrv to Defendant.

25. Upon information and belief, the 2007 Kyrv was transferred to Defendant with actual intent to hinder, delay, or defraud Debtor's creditors.

26. In the alternative to the above paragraph, the 2007 Kyrv was transferred to Defendant for less than reasonably equivalent value in exchange for such transfer, and this transfer was made when Debtor was insolvent or Debtor was rendered insolvent by such transfer.

27. Within two (2) years before the date of Debtor's filing of the petition, Debtor voluntarily or involuntarily transferred his interest in the 2004 Honda to Defendant.

28. Upon information and belief, the 2004 Honda was transferred to Defendant with actual intent to hinder, delay, or defraud Debtor's creditors.

29. In the alternative to the above paragraph, the 2004 Honda was transferred to Defendant for less than reasonably equivalent value in exchange for such transfer, and this transfer was made when Debtor was insolvent or Debtor was rendered insolvent by such transfer.

30. Upon information and belief, within two (2) years before the date of Debtor's filing of the petition, Debtor voluntarily or involuntarily transferred his interest in the 2005 Yamaha to Defendant.

31. Upon information and belief, the 2005 Yamaha was transferred to Defendant with actual intent to hinder, delay, or defraud Debtor's creditors.

32. In the alternative to the above paragraph, upon information and belief, the 2005 Yamaha was transferred to Defendant for less than reasonably equivalent value in exchange for such transfer, and this transfer was made when Debtor was insolvent or Debtor was rendered insolvent by such transfer.

33. Based on the foregoing, the transfers of the 2018 Prowler, the 2007 Kyrv, the 2004 Honda, and the 2005 Yamaha are avoidable pursuant to 11 U.S.C. § 548(a)(1)(A) or 11 U.S.C. § 548(a)(1)(B).

## IV.
## SECOND CLAIM FOR RELIEF
## (11 U.S.C. § 550)

34. Plaintiff hereby realleges and incorporates by reference herein all of the allegations of paragraphs 1 through 33.

35. Plaintiff is entitled to avoid the above transfers of vehicles pursuant to 11 U.S.C. § 548(a).

36. Defendant was the initial transferee of the avoidable transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the avoidable transfers were made.

37. Accordingly, pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from Defendant the avoidable transfers or the value of the property transferred, plus interest thereon to the date of payment and the costs of this action.

## V.
## PRAYER FOR RELIEF

Wherefore, Plaintiff hereby prays for the following relief against Defendant:

1. A judgment under 11 U.S.C. § 548(a)(1)(A) or 11 U.S.C. § 548(a)(1)(B) avoiding the transfers to Defendant identified in this Complaint;

2. A judgment under 11 U.S.C. § 550(a) against Defendant recovering the property transferred as identified herein or the value of such property, plus interest thereon to the date of the payment and costs of this action; and

3. For such further relief the Court deems appropriate.

ADVERSARY COMPLAINT - 6

Dated: November 29, 2021

                                                HAWLEY TROXELL ENNIS & HAWLEY LLP

                                                By: /s/ Brent R. Wilson
                                                    Brent R. Wilson, ISB No. ISB No. 8936
                                                    Attorneys for Trustee Timothy R. Kurtz

ADVERSARY COMPLAINT - 7

58817.0007.14293393.1